Filed 12/9/13  P. v. Heredia CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B242884 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA122526) |
| v. | |
| DAVID HEREDIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, John A. Torribio, Judge.  Affirmed in part, vacated and modified in part, and remanded.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, William N. Frank, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant David Heredia (defendant) was convicted of three counts of oral copulation or sexual penetration with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (b)[1]); six counts of sexual intercourse or sodomy with a child 10 years of age or younger (§ 288.7, subd. (a)); one count of aggravated sexual assault of a child under 14 years of age, by sexual penetration within the meaning of section 289, subdivision (a) (§ 269, subd. (a)(5)); two counts of aggravated sexual assault of a child under 14 years of age, by rape within the meaning of section 261, subdivisions (a)(2) and (6) (§ 269, subd. (a)(1)); and one count of committing continuous sexual abuse of a child under the age of 14 years (§ 288.5, subd. (a)) .

On appeal, defendant contends that his conviction for continuous sexual abuse must be vacated because he cannot be convicted separately of that crime and the individual sexual conduct crimes committed against the same victim, here N.H., during the same period; and his convictions for several crimes should be dismissed because they were lesser included offenses of other crimes for which he was convicted. The Attorney General concedes defendant's first contention; disagrees with defendant's second contention; contends that defendant's abstract of judgment does not reflect the trial court's oral pronouncement that his sentence for one of the offenses charged in count 4 be served concurrently with his sentence for the offense charged in the base term count (count 2) and, therefore, the abstract of judgment should be corrected; and asserts the judgment should be modified to impose on defendant the mandatory parole revocation restitution fine pursuant to section 1202.45.

We reverse defendant's conviction for continuous sexual abuse; hold that the abstract of judgment should be corrected to reflect the trial court's oral pronouncement that defendant's sentence for the offense charged in count 4 be served concurrently with his sentence for the offense charged in count 2; and modify the judgment to impose on

---

[1] All statutory citations are to the Penal Code unless otherwise noted.

2

defendant an additional fine pursuant to section 1202.45, order it stayed, with the stay to become permanent upon completion of parole. We otherwise affirm the judgment.

## PROCEDURAL BACKGROUND[2]

The District Attorney of Los Angeles County filed an information charging defendant with three counts of oral copulation or sexual penetration with a child 10 years of age or younger in violation of section 288.7, subdivision (b) (counts 1, 4, and 7); six counts of sexual intercourse or sodomy with a child 10 years of age or younger in violation of section 288.7, subdivision (a) (counts 2, 3, 5, 6, 8, and 9); three counts of aggravated sexual assault of a child under 14 years of age, by sexual penetration within the meaning of section 289, subdivision (a) in violation of section 269, subdivision (a)(5); (counts 11, 14, and 17); six counts of aggravated sexual assault of a child under 14 years of age, by rape within the meaning of section 261, subdivisions (a)(2) and (6) in violation of section 269, subdivision (a)(1) (counts 12, 13, 15, 16, 18, and 19); and one count of committing continuous sexual abuse of a child under the age of 14 years in violation of section 288.5, subdivision (a) (count 10).

Following a trial, the jury found defendant guilty of counts 1 through 13, and not guilty of counts 17 through 19. After the jury was unable to reach a verdict on counts 14 through 16, the trial court dismissed the counts without prejudice.

The trial court denied probation for defendant, and sentenced him to state prison for a term of 55 years to life, consisting of a term of 25 years to life on count 2, and two consecutive terms of 15 years to life on counts 11 and 13. The trial court imposed concurrent terms on counts 4 through 9, and imposed but stayed sentences pursuant to section 654 on counts 1, 3, 10, and 12. The trial court ordered defendant to pay various fines and assessments, and awarded defendant 251 days of custody credit for actual time served.

---

[2]    Defendant does not challenge the factual bases for the convictions. As the issues are procedural, we do not set forth the facts.

**DISCUSSION**

**A.    Defendant's Convictions for Continuous Sexual Abuse and Substantial Sexual Conduct Crimes**

Defendant contends, and the Attorney General agrees, that defendant's conviction for continuous sexual abuse should be vacated because he cannot be convicted separately of that crime and the substantial sexual conduct crimes committed against the same victim during the same period.  We agree.

*1.    Background Facts*

The information charged three separate, but consecutive, time periods during which the crimes were committed: September 1, 2009, and August 31, 2010; September 1, 2010, and August 31, 2011; and September 1, 2011, and November 19, 2011.  All of the crimes concerned the same victim—N.H.

Regarding the time period of September 1, 2009, through August 31, 2010, defendant was charged in count 1 with oral copulation or sexual penetration with N.H., a child, in violation of section 288.7, subdivision (b); counts 2 and 3 with sexual intercourse or sodomy with N.H. in violation of section 288.7, subdivision (a); count 11 with aggravated sexual assault of N.H. by sexual penetration within the meaning of section 289, subdivision (a), in violation of section 269, subdivision (a)(5); and counts 12 and 13 with aggravated sexual assault of N.H. by rape within the meaning of section 261, subdivisions (a)(2) and (6), in violation of section 269, subdivision (a)(1).  The information also charged that defendant committed those same offenses against N.H. between September 1, 2010, and August 31, 2011—counts 4, 5, 6, 14, 15, and 16, and between September 1, 2011, and November 19, 2011—counts 7, 8, 9, 17, 18, 19.

The information also charged defendant in count 10 with committing continuous sexual abuse of N.H. in violation of section 288.5, subdivision (a) during all three time periods, i.e., between September 1, 2009, and November 19, 2011.  The information further charged that defendant, while committing continuous sexual abuse, had substantial sexual conduct with N.H. in violation of section 1203.066, subdivision (a)(8).

4

Defendant was ultimately found guilty of counts 1 through 13. Regarding count 10, the charge of committing continuous sexual abuse of N.H. in violation of section 288.5, subdivision (a) during all three time periods, the jury found true that the abuse involved substantial sexual abuse. The trial court sentenced defendant to state prison for a term of 16 years for that offense, but stayed the imposition of that sentence.

### 2. Analysis

Section 288.5, subdivision (c) provides, "No . . . act of substantial sexual conduct, as defined in subdivision (b) of Section 1203.066, with a child under 14 years of age at the time of the commission of the offenses, . . . involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative." "'Substantial sexual conduct' means penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." (§1203.066, subd. (b).) "Because . . . section 288.5, subdivision (c) clearly mandates the charging of continuous sexual abuse and specific sexual offenses, pertaining to the same victim over the same period of time, only in the alternative, they may not obtain multiple convictions in the latter circumstance." (*People v. Johnson* (2002) 28 Cal.4th 240, 248.)

Here, the information did not comply with section 288.5, subdivision (c), requiring that the charge for continuous sexual abuse be charged alternatively with the substantial sexual conduct crimes committed against the same victim during the same period. The dates of defendant's substantial sexual conduct acts against N.H. fell within the period of his continuous sexual abuse of the same child. Defendant therefore cannot be convicted of both those crimes and the continuous abuse. Because he was convicted of both, "either the continuous abuse conviction or the convictions on the specific offenses must be vacated." (*People v. Johnson, supra,* 28 Cal.4th at pp. 244-245.)

"It therefore is . . . appropriate, in deciding which convictions to vacate as the remedy for a violation of the proscription against multiple convictions set forth in section

288.5, subdivision (c), that we leave appellant standing convicted of the alternative offenses that are most commensurate with his culpability." (*People v. Torres* (2002) 102 Cal.App.4th 1053, 1059.) "'A defendant who . . . continues to perpetrate sexual abuse for a longer period of time than that required by section 288.5 [i.e, three months] is *more* culpable than a defendant who perpetrates the continued abuse for a limited time.'" (*People v. Cortes* (1999) 71 Cal.App.4th 62, 78, citing *People v. Hord* (1993) 15 Cal.App.4th 711, 720.)

Section 288.5 imposes a high term sentence of 16 years, but defendant's conviction for the individual substantial sexual conduct crimes subjects him to a greater sentence. (§§ 269 [15 years to life], 288.7, subdivision (a) [25 years to life] and (b) [15 years to life].) Defendant concedes that he "does not dispute his culpability is most commensurate with the individual convictions, which impose life terms, and not the violation of section 288.5, which only carries a determinate sentence."

We modify the judgment by vacating the section 288.5 conviction without remand. (*People v. Torres*, *supra*, 102 Cal.App.4th at pp. 1060-1061.) Defendant's convictions for the offenses charged in counts 1 through 9, and 11 through 13 are upheld, defendant's conviction for the offense charged in count 10 (continuous sexual abuse) is vacated, and the defendant's sentence to state prison for a term of 16 years for the offense charged in count 10 is stricken.

## B. Lesser Included Offenses

Defendant contends that his convictions for the offenses charged in counts 1, 2, and 3 should be dismissed because those offenses were lesser included offenses of the offenses charged in counts 11, 12, and 13. We disagree.

### 1. Applicable Law

A defendant cannot be convicted of both an offense and a lesser offense necessarily included within that offense. (*People v. Medina* (2007) 41 Cal.4th 685, 701-702; *People v. Pearson* (1986) 42 Cal.3d 351, 355.) Generally, California courts

6

"employ two alternative tests to determine whether a lesser offense is necessarily included in a greater offense. Under the elements test, we look to see if all the legal elements of the lesser crime are included in the definition of the greater crime, such that the greater cannot be committed without committing the lesser. Under the accusatory pleading test, by contrast, we look not to official definitions, but to whether the accusatory pleading describes the greater offense in language such that the offender, if guilty, must necessarily have also committed the lesser crime. [Citation.]" (*People v. Moon* (2005) 37 Cal.4th 1, 25-26.)

### 2. *Analysis*

Defendant contends that "[b]ased on the way these counts [i.e., counts 1-3, and 11-13] are pleaded, together with the explanation of the prosecutor during closing argument, it is evident that counts 1, 2, and 3 are lesser included offenses of counts 11, 12, and 13 under the accusatory pleading test. Counts 1, 2, and 3 allege the crimes of sexual penetration and rape without force or duress, whereas counts 11, 12, 13 allege these same crimes but with the added element of force."

In count 1, the information charged defendant with violating 288.7, subdivision (b) by engaging in "oral copulation/sexual penetration" of N.H. In count 11, defendant was charged with section 269, subdivision (a)(5) by engaging in "sexual penetration" of N.H. During his closing arguments, the prosecutor said that both offenses concerned defendant "using a finger" on N.H. The prosecutor said that the two offenses differed, however, because defendant did not use force regarding the offense charged in count 1, but he used force regarding the offense charged in count 11.

In counts 2 and 3, the information charged defendant with violating 288.7, subdivision (a) by engaging in "sexual intercourse and sodomy" with N.H. In counts 12 and 13, defendant was charged with section 269, subdivision (a)(1) by committing "Rape" upon N.H. The prosecutor stated during his closing arguments that the offenses charged in the four counts concerned defendant using his penis to "penetrate[] . . . the vagina" of N.H. The counts differed, the prosecutor said, because defendant did not use

7

force regarding the offenses charged in counts 2 and 3, but he used force regarding the offenses charged in counts 12 and 13.

Defendant's contention that his convictions for the offenses charged in counts 1, 2 and 3 were lesser included offenses of the offenses charged in counts 11, 12, and 13 is based on the accusatory pleading test. Defendant, however, invokes the wrong test. The elements test, not the accusatory pleading test, is utilized to determine whether a charged offense is a lesser included offense of another charged offense. Although there are two tests for determining whether one offense is necessarily included in another, "[T]he 'elements' test [is applied where the] case involves the conviction of multiple alternative *charged* offenses. . . . Under the 'elements' test, we look strictly to the statutory elements, not to the specific facts of a given case. [Citation.]" (*People v. Ramirez* (2009) 45 Cal.4th 980, 984-985.) "Courts should consider the statutory elements and accusatory pleading in deciding whether a defendant received notice, and therefore may be convicted, of an *uncharged* crime, but only the statutory elements in deciding whether a defendant may be convicted of multiple *charged* crimes." (*People v. Reed* (2006) 38 Cal.4th 1224, 1231.) "The accusatory pleading test arose to ensure that defendants receive notice before they can be convicted of an uncharged crime. 'As to a lesser included offense, the required notice is given when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense.' [Citation.] 'Because a defendant is entitled to notice of the charges, it makes sense to look to the accusatory pleading (as well as the elements of the crimes) in deciding whether a defendant had adequate notice of an uncharged lesser offense so as to permit conviction of that uncharged offense.' [Citation.] But this purpose has no relevance to deciding whether a defendant may be convicted of multiple charged offenses. '[I]t makes no sense to look to the pleading, rather than just the legal elements, in deciding whether conviction of two charged offenses is proper. Concerns about notice are irrelevant when both offenses are separately charged . . . .' [Citation.]" (*Id*. at pp. 1229-1230.)

8

Here, defendant was convicted of multiple charged offenses; he was charged and convicted of the offenses charged in counts 1-3, 11-13. We therefore apply the elements test.

### a) Section 288.7, Subdivision (b) as a Necessarily Lesser Included Offense of Section 269, Subdivision (a)(5)

Defendant contends that the offense of violating section 288.7, subdivision (b) (count 1), is a lesser included offense of the violation of section 269, subdivision (a)(5) (count 11). Under the elements test, it is not.

Section 288.7, subdivision (b) provides, "Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life." Section 269, subdivision (a)(5) states, "(a) Any person who commits any of the following acts upon a child who is under 14 years of age and seven or more years younger than the person is guilty of aggravated sexual assault of a child: [¶] . . . [¶] (5) Sexual penetration, in violation of subdivision (a) of Section 289."

"Oral copulation is the act of copulating the mouth of one person with the sexual organ or anus of another person." (§ 288a, subd. (a).) Section 289, subdivision (k)(1) provides, "'Sexual penetration' is the act of causing the penetration, however slight, of the genital or anal opening of any person or causing another person to so penetrate the defendant's or another person's genital or anal opening for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object."

As stated above, "Under the elements test, we look to see if all the legal elements of the lesser crime are included in the definition of the greater crime, such that the greater cannot be committed without committing the lesser." (*People v. Moon, supra,* 37 Cal.4th

9

at pp. 25-26.) It is possible for a person to violate section 269, subdivision (a)(5), and not necessarily violate section 288.7, subdivision (b).

Section 288.7, subdivision (b) is violated by an act of oral copulation or sexual penetration. Section 269, subdivision (a)(5), is violated only by an act of sexual penetration. A defendant therefore may violate section 269, subdivision (a)(5), without committing oral copulation, one of acts that may constitute a violation of section 288.7, subdivision (b).

It is also possible for a person to violate section 269 without satisfying the age requirements for either the violator or the victim set forth in section 288.7. Under section 269, the violator need only be seven years older than the victim, and the victim must be under 14 years of age. Under section 288.7, the violator must be at least 18 years of age, and the victim must be 10 years of age or younger. Section 269, and not section 288.7, may be violated if, for example, the violator is 17 years old. Similarly, section 269 may be violated if the victim is between the ages of 11 and 14, but a violation of section 288.7 requires that the victim be 10 years of age or younger.

> b) Section 288.7, Subdivision (a) as a Necessarily Lesser Included Offense of Section 269, Subdivision (a)(1)

Defendant contends that the offense of violating section 288.7, subdivision (a) (counts 2 and 3), is a lesser included offense of a violation of section 269, subdivision (a)(5) (counts 12 and 13). Under the elements test, it is not.

Section 288.7, subdivision (a) states that, "Any person 18 years of age or older who engages in sexual intercourse or sodomy with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life." Section 269, subdivision (a)(1) states, "(a) Any person who commits any of the following acts upon a child who is under 14 years of age and seven or more years younger than the person is guilty of aggravated sexual assault of a

10

child:  [¶]  (1) Rape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261.”

“Sodomy is sexual conduct consisting of contact between the penis of one person and the anus of another person.”  (§ 286, subd. (a).)  Section 261, subdivision (a) provides, “Rape is an act of sexual intercourse . . . .”

Under the elements test, it is possible for a person to commit aggravated sexual assault by rape of a child who is under fourteen years old and seven years or younger than the person (§ 269, subd. (a)(1)), and not necessarily commit sexual intercourse or sodomy of a child 10 years or younger by a person 18 years or older (§ 288.7, subd. (a)).  It is possible to violate section 269, subdivision (a)(1), without committing sodomy.  Section 288.7, subdivision (a) is violated by an act of sexual intercourse or sodomy.  Section 269, subdivision (a)(1), is violated only by an act of rape.  Section 269, subdivision (a)(1) therefore may be violated without committing sodomy, which would be a factor in determining whether there was a violation section 288.7, subdivision (a).  And, as discussed above, it is possible for a person to violate section 269 without meeting the age requirements of section 288.7.

### C.  Abstract Of Judgment

The Attorney General contends that defendant’s abstract of judgment does not reflect the trial court’s oral pronouncement that defendant’s sentence for the offense charged as count 4 is to be served concurrently with the offense charged in count 2, the base term count and, therefore, the abstract of judgment should be corrected.  During its oral pronouncement of sentencing, the trial court ordered defendant’s sentence for the offense charged in count 4 to be served concurrently with the offense charged in the base term count, count 2.  This however is not reflected in the abstract of judgment.  “[A] trial court’s oral sentence governs if it is different from what appears in a minute order or an abstract of judgment [citations].”  (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1221; *People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Accordingly, the abstract of judgment should be corrected to reflect

11

the trial court's oral pronouncement that defendant's sentence for the offense charged in count 4 be served concurrently with the offense charged in count 2.

### D. Mandatory Parole Revocation Fine

The Attorney General contends that we should modify the judgment to impose on defendant a $200 parole revocation restitution fine pursuant to section 1202.45 because that fine is mandatory. We agree.

The trial court imposed a $200 restitution fine under section 1202.4, but it did not impose a $200 section 1202.45 parole restitution fine, stayed or otherwise. At the time defendant committed the charged offenses and was sentenced by the trial court, section 1202.45, subdivision (a), provided that, "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." That additional fine "shall be suspended unless the person's parole . . . is revoked." (§1202.45.)

The failure to impose a mandatory fine is a jurisdictional error, which can be raised for the first time on appeal by the Attorney General. (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1080.) A court of appeal may correct an error in imposing a parole revocation fine without remand. (*People v. Smith* (2001) 24 Cal.4th 849, 854.) We therefore modify the judgment to impose on defendant an additional $200 fine pursuant to section 1202.45, order it stayed, with the stay to become permanent upon completion of parole.

12

## DISPOSITION

Defendant's conviction under count 10 for continuous sexual abuse is vacated, and the judgment is modified to reflect that defendant's sentence to state prison for a term of 16 years on count 10 is stricken. Defendant's judgment is also modified to impose on defendant an additional $200 fine pursuant to section 1202.45; the fine is stayed, with the stay to become permanent upon defendant's completion of his parole. We remand the matter to the trial court to amend the abstract of judgment accordingly. The abstract of judgment shall also be corrected to reflect the trial court's oral pronouncement that defendant's sentence for the offense charged in count 4 be served concurrently with the offense charged in count 2, the base term count. We otherwise affirm the judgment.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, Acting P. J.


We concur:



KRIEGLER, J.



KUMAR, J.[*]

---

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.