[No. A091096. First Dist., Div. One. Oct. 9, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
JAIME WILFREDO TORRES, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Analysis, parts I through VII.

1054

## Counsel

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Gerald A. Engler and George F. Hindall III, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**STEIN, J.**—Jaime Wilfredo Torres was convicted of 11 counts of rape (Pen. Code, § 261, former subd. (2), now subd. (a)(2)[1] (Stats. 1986, ch. 1299, § 1, p. 4592; Stats. 1990, ch. 630, § 1, p. 3096); six counts of lewd or lascivious conduct with a child under the age of 14 (§ 288, subd. (a)); one count of oral copulation (§ 288a, subd. (c)); one count of continuous sexual abuse of a child (§ 288.5); and one count of forcible penetration (§ 289, subd. (a)). It was further alleged, and the jury found true, that the charges were filed after the limitations period specified in sections 800 and 801 had expired but within one year after the victims reported the crimes to a California law enforcement agency, and that the crimes involved substantial sexual conduct and were corroborated by independent evidence. (§§ 803, subd. (g), 1203.066, subd. (b).) The court sentenced appellant to state prison for a term of 45 years, and he filed a timely notice of appeal.[2]

We granted rehearing, as to the issue raised in part VIII, because, before our decision became final, our Supreme Court filed its decision in *People v. Johnson* (2002) 28 Cal.4th 240 [121 Cal.Rptr.2d 197, 47 P.3d 1064], disapproving *People v. Valdez* (1994) 23 Cal.App.4th 46 [28 Cal.Rptr.2d 236], upon which we had relied. We shall hold, in accordance with *People v. Johnson, supra,* 28 Cal. 4th 240, that appellant cannot stand convicted of both a violation of section 288.5, and of multiple counts of other specific felony sex offenses committed against the same victim and in the same time period as the section 288.5 count. We shall further hold that, in this case, the appropriate remedy for the failure to plead these offenses in the alternative,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We will summarize the facts only as relevant to our analysis of the issues on appeal.

as required by subdivision (c) of section 288.5, is to reverse appellant's conviction on the section 288.5 count.

ANALYSIS

I.-VII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VIII.

*Multiple Convictions for Violating Section 288.5 and Other Offenses Committed in the Same Period*

With respect to Adela M., appellant was charged with, and convicted of, one count of continuous sexual abuse of a child between July 2, 1989, and July 1, 1992, in violation of section 288.5. Appellant was also convicted of 10 counts of other felony sex offenses committed against Adela occurring within the same time period. The court sentenced him to 21 years on the four counts of rape, to be served consecutively to the 24 years it had already imposed for the offenses against Nancy R., and imposed concurrent sentences with respect to the other six felony offenses committed against Adela during the same period as the section 288.5 count. The court also sentenced appellant to the lower term of six years on the section 288.5 count, but stayed execution of the sentence.

Section 288.5, subdivision (c) provides that: "No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative." The Legislature's stated intention when it enacted section 288.5 was, "to provide *additional* protection for children subjected to continuing sexual abuse and *certain* punishment . . . ." (Stats. 1989, ch. 1402, § 1, p. 6138, italics added.)

In *People v. Johnson, supra,* 28 Cal.4th 240, the defendant was convicted of one count of continuous sexual abuse pursuant to section 288.5, and five counts of other specific sexual offenses involving the same victim, and occurring in the same period. The trial court sentenced the defendant to the maximum penalty of 16 years for the continuous sexual abuse count, and stayed sentences on the five counts of other specific sexual offenses. Our Supreme Court disapproved the decision in *People v. Valdez, supra,* 23

*See footnote, *ante,* page 1053.

Cal.App.4th 46, which had interpreted section 288.5 to allow conviction for both continuous sexual abuse, and the specific sex offenses alleged to have occurred in the same period, so long as the court, pursuant to section 654, stays the sentences on the lesser of the alternative offenses. (*Valdez*, at p. 49.) Instead, the court held that section 288.5, subdivision (c), precludes multiple *convictions* for the alternative offenses of continuous sexual abuse and specific felony sex offenses against the same victim, alleged to have occurred in the same time period. (*Johnson*, at pp. 245-248.) Accordingly, it affirmed the decision of the Court of Appeal vacating the convictions on the individual counts. (*Id.* at p. 248.)

The pleading in this case failed to allege the continuous sexual abuse count and the 10 specific counts alleged to have occurred in the same period in the alternative. Therefore, appellant cannot stand convicted of both. (*People v. Johnson, supra*, 28 Cal.4th 240, 245, 248.) The question remains, however, *which* convictions should be vacated?

Appellant contends that the decision in *People v. Johnson, supra*, 28 Cal.4th 240, requires that whenever multiple convictions are obtained in violation of section 288.5, subdivision (c), only the conviction for continuous sexual abuse may stand, and the convictions on the specific counts must be vacated. He concludes that we must vacate the 10 specific counts, and lift the stay of the six-year sentence the court imposed on the section 288.5 count.

The *Johnson* court held only that when multiple convictions are obtained in violation of section 288.5, subdivision (c) "*either* the continuous abuse conviction *or* the convictions on the specific offenses must be vacated." (*People v. Johnson, supra*, 28 Cal.4th at p. 245, italics added.) Although the court affirmed the decision of the Court of Appeal vacating the specific counts, the question of which of the alternative convictions should be reversed, was not at issue, the court therefore never reached the question of when, and under what circumstances the proscription against multiple convictions in section 288.5, subdivision (c) could be remedied instead by reversing the section 288.5 conviction. Hence, the above quoted language from the Supreme Court's opinion requires nothing more than vacation of *either* the continuous sexual abuse conviction *or* the convictions on the specific sexual offenses. (28 Cal.4th at p. 245.)

Relying on the rule that when multiple convictions are precluded because one offense is necessarily included in the other, the remedy is to reverse the conviction on the lesser included offense, appellant asserts that only the section 288.5 conviction should stand. (See *People v. Pearson* (1986) 42

Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) This rule is inapplicable here because, although some of the same acts may underlie the continuous sexual abuse conviction and the specific sex offenses, the specific counts are not lesser included offenses of a violation of section 288.5. (See *People v. Valdez, supra*, 23 Cal.App.4th 46, 47-48, disapproved on other grounds in *People v. Johnson, supra*, 28 Cal.4th 240, 248, fn. 6; see also *People v. Avina* (1993) 14 Cal.App.4th 1303 [18 Cal.Rptr.2d 511].) Appellant also suggests that we must vacate the convictions for specific sex offenses because section 288.5 is a special statute, whereas his convictions of other specific felony sex offenses are pursuant to more general statutes. In *People v. Hord* (1993) 15 Cal.App.4th 711, 720-721 [19 Cal.Rptr.2d 55], the court specifically rejected the contention that section 288.5 is a special statute that precludes prosecution for other generally applicable sexual offenses. Moreover, in *People v. Johnson*, the court was careful to note that nothing in its opinion was inconsistent with the analysis in *People v. Hord, supra*, 15 Cal.App.4th 711, because it held only that "the alternative pleading requirement of section 288.5, subdivision (c) is a specific statute *as against section 954's general authorization for pleading multiple offenses.*" (*Johnson*, at pp. 246-247, fn. 5, italics added.) Nor, by analogy to the section 654 context, is it necessarily the case that the section 288.5 offense must stand on the ground that it will always subject the defendant to a greater maximum penalty than the alternative specific offenses. When enacting section 288.5, the Legislature declared its intent that "the penalty for this crime shall be greater than the maximum penalty under existing law for any *single* felony sex offense." (Stats. 1989, ch. 1402, § 1, p. 6138, italics added.) However, because section 288.5, subdivision (c) defines the alternative offenses to be either *one* count of violating 288.5, or *any number* of specific sex offenses alleged to have occurred in the same period, the relevant comparison is between the penalty for violating section 288.5, and the *aggregate* maximum penalty for the specific counts.[11] Thus, the determination of which of the alternative offenses is the more serious would depend on the number, and type, of specific offenses.

Since section 288.5, subdivision (c) is the source of this statutory proscription against multiple convictions, it is appropriate to examine the legislative intent underlying section 288.5 in determining what the appropriate remedy is in this case. The intent of the Legislature in enacting section 288.5 was "to provide *additional* protection for children subjected to continuing sexual abuse and certain punishment." (Stats. 1989, ch. 1402, § 1,

---

[11] We also note that, in cases where the "One Strike" law applies to one of the specific counts, the maximum sentence on even one specific count may exceed the maximum penalty for the section 288.5 violation because continuous sexual abuse is not one of the enumerated offenses under the One Strike law. (§ 667.61, subd. (c); *People v. Palmer* (2001) 86 Cal.App.4th 440, 443 [103 Cal.Rptr.2d 301].)

p. 6138, italics added.) The primary purpose of the Legislature in enacting section 288.5 was to evade the then existing unanimity requirement established in *People v. Van Hoek* (1988) 200 Cal.App.3d 811 [246 Cal.Rptr. 352], disapproved in *People v. Jones* (1990) 51 Cal.3d 294, 322 [270 Cal.Rptr. 611, 792 P.2d 643], which often had the effect of defeating the prosecution of offenders who committed repeated acts of sexual abuse against children over an extended period of time, by defining the section 288.5 offense in terms of a "course of conduct." ■ However, consistent with its intent that this newly defined offense provide *"additional* protection," the Legislature also clearly provided in section 288.5, subdivision (c) that the prosecutor was not precluded from *also* charging a defendant with other felony sex offenses. Thus, the prosecutor may allege offenses that occur outside the period alleged in the section 288.5 count (*People v. Hord, supra,* 15 Cal.App.4th 711, 720) and the prosecutor need not allege more than the minimum three-month period in connection with a section 288.5 charge even if the abuse continued for a longer period. (*People v. Cortes* (1999) 71 Cal.App.4th 62, 77 [83 Cal.Rptr.2d 519].) In *People v. Cortes* the court explained that one of the reasons why it would not construe section 288.5, subdivision (c) as requiring the prosecution to allege the entire period during which the defendant engaged in repeated acts of sexual abuse was that " '[a] defendant who . . . continues to perpetrate sexual abuse for a longer period of time than [the minimum] . . . required by section 288.5 is *more* culpable than a defendant who perpetrates the continued abuse for a limited time.' [Citation.] It follows that those who prolong periods of continuous abuse should be more, not less, vulnerable to additional convictions in order to ensure that their punishment can be commensurate with their culpability. Indeed, by permitting prosecutors to seek additional convictions for offenses committed outside the alleged period, the Legislature . . . *clearly intended that liability reflect culpability."* (*Cortes,* at p. 78, italics added.) Finally, the prosecutor even has the discretion to charge the defendant with specific felony offenses occurring *in the same period* as the section 288.5 count, as long as the offenses are alleged in the alternative. (*People v. Johnson, supra,* 28 Cal.App.4th 240, 248.)

Thus, section 288.5, subdivision (c) gives the prosecutor maximum flexibility to allege and prove *not only* a continuous sexual abuse count, but also specific felony offenses commensurate with the defendant's culpability, subject only to the limitation that the defendant may not be *convicted* of both continuous sexual abuse and specific felony sex offenses committed in the same period. ■ It therefore is also appropriate, in deciding which convictions to vacate as the remedy for a violation of the proscription against multiple convictions set forth in section 288.5, subdivision (c), that we leave appellant standing convicted of the alternative offenses that are most commensurate with his culpability. Here, appellant was alleged to have committed, and the prosecution proved, not only the three acts necessary to establish

a continuous sexual abuse violation, but also 10 separate felony sex offenses against Adela including four counts of rape.[12] Because of the number and severity of these specific offenses, appellant faced a greater maximum aggregate penalty with respect to these than he did on the continuous sexual abuse offense. The court also imposed a greater aggregate sentence with respect to the specific offenses than on the section 288.5 offense, and stayed execution of sentence on the latter. In these circumstances we conclude the appropriate remedy is to reverse the conviction for violating section 288.5.

Our conclusion that in the appropriate case we may vacate the section 288.5 conviction when the proscription against multiple convictions in section 288.5, subdivision (c) is violated is reinforced by the very recent decision in *People v. Alvarez* (2002) 100 Cal.App.4th 1170 [122 Cal.Rptr.2d 859]. In that case, the defendant was charged with a section 288.5 violation and three counts of either lewd acts, or forcible lewd acts, against the same victim in the same time period as the section 288.5 violation. The pleading, however, failed to allege these counts in the alternative. He was also charged with sexual offenses involving another victim. The matter was tried to the court and after the trial concluded, but before the court announced its decision, the court raised the question whether, if it convicted the defendant of the section 288.5 offense, it could also convict him of the specific counts of lewd acts. In response, the prosecutor moved to dismiss the section 288.5 count, and the court convicted and sentenced the defendant on the individual counts of committing lewd acts, which is also one of the enumerated offenses in section 667.61, subdivision (c). On appeal the defendant relied upon *People v. Johnson, supra,* 28 Cal.App.4th 240, in arguing that a violation of its proscription against multiple convictions may be remedied only by vacating or dismissing the individual specific sex offense counts. The *Alvarez* court explained, as we have, that *People v. Johnson* did not decide under what circumstances its proscription against multiple convictions "can be achieved by dismissing the continuous sexual abuse account, rather than the specific sexual offenses." (*People v. Alvarez, supra,* 100 Cal.App.4th at p. 1176.) Then, applying an analysis of the legislative purpose of section 288.5 similar to the one we have stated, the court explained that to conclude that the failure to plead these offenses in the alternative compelled the court to convict only on the section 288.5 offense would be "anomalous" because "section 288.5, adopted to prevent child molesters from evading conviction, could be used by those molesters to circumvent . . . convictions with more severe penalties and prior strike consequences than available . . . under section 288.5."

---

[12]Consistent with section 288.5, subdivision (c) the prosecution could have alleged a much shorter time period in relation to the section 288.5 offense, and thereby obtained convictions not only for the section 288.5 offense, but also many of the other felony sex offenses committed against her.

(*Alvarez*, at pp. 1177-1178.) It therefore upheld the decision of the trial court to dismiss the section 288.5 count.

For all of the foregoing reasons, we shall reverse appellant's conviction for violating section 288.5.

CONCLUSION

Appellant's conviction for violating section 288.5 is vacated. In all other respects, the judgment is affirmed.

Marchiano, P. J., and Swager, J., concurred.

A petition for a rehearing was denied October 30, 2002, and on October 24, 2002, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 15, 2003. Brown, J., was of the opinion that the petition should be granted.