Filed 10/18/13  P. v. Donovan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054954 |
| v. | (Super.Ct.No. SWF025942) |
| LUIS FERNANDO O'DONOVAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Christian F. Thierbach, Judge.  Affirmed.

Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia, Quisteen S. Shum, and Marissa A. Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

1

Arguing that the many instances of sexual molestation of his stepdaughter over a period of years constitute, and should have been charged as, a single violation of Penal Code section 288.5,[1] defendant Luis Fernando O'Donovan seeks reversal of four of his eight felony sex offense convictions. The People maintain that the offenses were properly charged and the separate convictions should stand. We agree with the People and will affirm.

## FACTS AND PROCEDURAL HISTORY

Defendant began living with Jane Doe's mother in 1995, when Doe was four years old.[2] After they married, in 1996, defendant and Doe's mother had two sons together. For the first few years of their 12-year marriage defendant treated Doe well, and she came to trust him as a father.

When she was about eight, defendant began to show Doe pornographic videos, warning her not to tell her mother because, he said, her mother would not believe her and would not love her any more. Doe believed defendant. Defendant also told Doe that if she told anyone, he would hurt her little brothers and they would have to grow up without a father, like she had. Because she had seen defendant hurt the boys before, Doe believed this too.

---

[1] All further statutory references are to the Penal Code.

[2] Defendant was 26 years older than Doe: he was born April 12, 1965; she was born November 30, 1991.

Subsequently, defendant began to molest Doe. His sexual acts against her progressed from touching her vaginal area and breasts over her clothes, to touching her under her clothes, to removing her clothes, to digitally penetrating her vagina, and finally to forcing her to orally copulate his penis. The oral sex began when Doe was nine and occurred several times a week for the entire school year and during the summers when she was 9, 10, and 11. Doe was scared and would cry and tell defendant to stop, but he did not stop and told her to "be quiet."

When she was about 12 and in 7th grade, defendant began having vaginal intercourse with Doe, ignoring her complaints of pain and repeated requests to stop. After a while, she "kind of gave up." Defendant used a video camera to record many of his sex acts with Doe.

Defendant's molestations ceased during periods when Doe lived with her biological father in San Diego: the summers of the years when she was 12 and 13, and for a period of about 8 months when she was 15. However, each time she returned home, defendant resumed having oral and vaginal sex with her at least once or twice a week.

In August 2005, when Doe was 13, the family moved from their home in San Diego to Memphis Court in Hemet, where they lived with Doe's aunt and uncle for about a year. During that time, defendant's sexual activities with Doe occurred less often—one or two times a week—"because my aunt was around a lot."

In May 2006, when Doe was 14, the family moved to their own house in Hemet, on Riverstone Court. There defendant resumed having oral sex and intercourse with Doe

more frequently, about five times a week, until June 2008 when Doe's mother discovered the videotapes defendant had made and called police.

Hemet Police Detective Josiah Douglas (Douglas) was assigned to the case. Douglas obtained a warrant and searched defendant's house, where he found additional pornographic materials in defendant's nightstand and dresser. These included a *Hustler* magazine, a *Barely Legal* magazine, and a DVD labeled "Teen Senoritas."

*Original Charges*

On June 11, 2008, defendant was charged by felony complaint with five counts of continuous sexual abuse of a child (§ 288.5, counts 1-5); two counts of rape of a child under 14 by a person more than 10 years older than the child (§§ 269, subd. (a)(1) & 261, subd. (a)(2), counts 6 & 7); and three counts of forcible rape (§ 261, subd. (a)(2), counts 8, 9 & 10.) The five section 288.5 charges, respectively, were for offenses occurring in five individual years measured from one of Doe's birthdays to the next, beginning with her 7th birthday on November 30, 1998, and ending on November 29, 2003, the day before her 12th birthday. Similarly, counts 6 and 7 were charged separately for events occurring in the two years that began on November 30, 2003, and ended on November 29, 2005, while counts 8, 9, and 10 were charged for events occurring in the three years that began on November 30, 2005, and ended on November 29, 2008. Virtually identical

4

amended and first amended informations were filed on October 10, 2008, and July 6, 2009.[3]

*Trial*

Defendant's five-day trial took place on July 6, 7, 8, 9, & 13, 2009. Doe, her mother, and Douglas testified to the facts as outlined above. In addition, about 25 minutes of a videotape defendant had made of his sex acts with Doe when the family lived in Hemet, was shown to the jury. The court observed that the jurors had difficulty watching the tape; most turned their heads away from the screen frequently. At the suggestion of the court, to spare the jury and to avoid the possibility of prejudice, the parties stipulated to the contents of the remainder of that tape, to the contents of a second tape made in San Diego before the family moved to Hemet, and to the fact that Doe was under the age of 14 at the time the San Diego tape was made. Both tapes depicted multiple scenes of "hardcore graphic evidence" of defendant's sexual activities with Doe.[4] According to the stipulated description, in several scenes Doe was heard to say "Don't do that," and "Can you stop doing that, please," and "Stop," and "Ow, that hurts," and "I don't want to."

---

[3] The only difference between the two documents appears to be that the last sentence of the October 10, 2008, version accuses defendant of committing "an act of sexual intercourse with and against the will of LUIS FERNANDO O'DONOVAN, a female person not his wife." The error is corrected in the July 6, 2009, version.

[4] From the court's comment, the two tapes together appear to have covered roughly two hours of sexual activity.

*Second Amended Information*

At the close of evidence, the trial court reminded the parties that section 288.5, continuous sexual abuse of a child, specifies that a defendant may be charged with only one violation of the statute unless there is more than one victim. Citing the statute and *People v. Johnson* (2002) 28 Cal.4th 240 (*Johnson*), the court dismissed the first four of the five section 288.5 charges. But it granted the People's motion for leave to file a second amended information adding, as counts 11 and 12, two charges of forcible oral copulation of a child under the age of 14 (§ 269, subd. (a)(4)).[5] The newly-charged offenses were alleged to have occurred during time periods covered by two of the four dismissed charges: November 30, 2000, to November 29, 2001 (the year Doe was nine), and November 30, 2001, to November 29, 2002 (the year Doe was 10).

*Verdicts and Sentencing*

On July 13, 2009, the jury found defendant guilty of all eight charges. On August 10, 2009, the trial court sentenced defendant to a total of 40 years in state prison on counts 5, 8, 9, and 10, to be followed by four consecutive indeterminate terms of 15 years to life on counts 6, 7, 11, and 12.

## DISCUSSION

Defendant asserts that his many sex offenses against Doe during the five years when she was between the ages of nine and 14 constituted—and should have been

---

[5] Defense counsel objected to the addition of counts 11 and 12 on the theory that no substantial evidence to support them had been presented at the preliminary hearing. After reviewing the preliminary hearing transcripts, the trial court concluded that there was such evidence and permitted the addition of the two counts.

charged as—a single violation of section 288.5. Based on this assertion, he claims that his convictions for counts 6, 7, 11, and 12 must be reversed. The People reply that the charges and convictions did not violate the proscriptions of section 288.5 because the charged offenses do not temporally overlap. Defendant tacitly acknowledges this, but, in essence, suggests that because he repeated the abuse so many times that the victim could not precisely date individual events outside the period covered in count 5, he cannot be separately punished for them.

*Section 288.5*

Section 288.5 provides that: "(a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years . . . or three or more acts of lewd or lascivious conduct . . . under Section 288,[6] with a child under the age of 14 years . . . is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years. [¶] (b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number." Subdivision

---

[6] Section 288, subdivisions (a) and (b)(1) provide for a conviction against "any person who willfully and lewdly commits any lewd or lascivious act" upon a child who is under the age of 14 years, "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child" and commits such act "by use of force, violence, duress, menace, or fear of immediate and unlawful injury on the victim or another person…."

(c) precludes the simultaneous charging of continuous sexual abuse of a child and individual sexual offenses against the same victim in the same period of time.

*Prosecutorial Discretion*

As a threshold matter, we note that it is not up to defendant or this court to dictate how his crimes are to be charged. (*Johnson*, *supra*, 28 Cal.4th at p. 248; *People v. Cortes* (1999) 71 Cal.App.4th 62, 79 (*Cortes*).) Under our state Constitution and the doctrine of separation of powers "courts must scrupulously avoid interfering with the executive's prosecutorial function, including the exercise of its broad charging discretion." (*Cortes* at p. 79.)

In *Cortes*, a multi-year sexual abuse case with facts similar to ours, the defendant made the same claim as our defendant here—that the prosecutor should have charged the whole period as a single offense. (*Cortes*, *supra*, 71 Cal.App.4th at p. 76.) Division of the time into separate periods, the *Cortes* defendant argued, was "'arbitrary and capricious.'" (*Ibid.*) In rejecting the argument, the appellate court reasoned that, because section 288.5 defines the crime of continuous sexual abuse in terms of its *minimum* requirements, a prosecutor need only plead and prove three acts in three successive months, at the end of which the crime defined in the statute is complete. (*Id.* at p. 77.) Thereafter, there is no reason the prosecutor cannot also plead and prove other sexual crimes committed outside that period. To conclude otherwise would defeat the purpose of the law by encouraging perpetrators to continue committing the very crimes it was designed to prevent. (*Id.* at pp. 77-78.) "[T]hose who prolong periods of continuous abuse," the court said, "should be more, not less, vulnerable to additional convictions in

8

order to ensure that their punishment can be commensurate with their culpability." (*Id.* at p. 78.)

The reasoning in *Cortes* was emphasized by the California Supreme Court in *Johnson*, cited by the trial court in our case. Prosecutors, said a unanimous Court, may "seek convictions and severe punishments in cases involving sexual offenses against vulnerable young victims. They may, for example, plead and prove discrete sexual offenses and seek consecutive sentencing when permitted; they may bring a charge of continuous sexual abuse, with its relatively severe range of punishments (§288.5, subd. (a)); they may charge continuous sexual abuse *and* discrete sexual offenses outside the period of the alleged continuous abuse . . . or they may charge discrete sexual offenses and continuous sexual abuse in the alternative." (*Johnson*, *supra*, 28 Cal.4th at p. 248, citing *Cortes,* italics added.) The Court made clear that there is nothing in the language or the purpose of the statute that prohibits the charging of one violation of section 288.5 and additional offenses against the same victim so long as the additional offenses occurred outside the period of time covered by the continuous sexual abuse charge.

In *Torres*, another case with facts like those in ours, the appellate court clarified that a prosecutor need not allege more than the minimum period of time necessary to satisfy the elements of section 288.5, even if the abuse continued over a longer period of time. (*People v. Torres* (2002) 102 Cal.App.4th 1053, 1059 (*Torres*).) In *Torres*, the court initially had affirmed all the defendant's convictions, but before its opinion became final the decision in *Johnson* was issued. On re-hearing, in light of the purpose of the statute and *Johnson*'s statement that a prosecutor may charge sexual abuse offenses

against the same victim in the same time period only in the alternative, the court reversed the defendant's section 288.5 conviction and left standing his multiple separate convictions. (*Torres*, *supra*, 102 Cal.App.4th at pp. 1060-1061.) Citing *Cortes* and *Johnson*, the *Torres* court emphasized the Legislature's intention that liability follow culpability and punishment be proportional to the magnitude and number of criminal offenses. (*Torres,* at pp. 1059-1060.)

Defendant maintains that the court in *Torres* misinterpreted both the statute and the high court's opinion in *Johnson*. Defendant is wrong. The Legislature passed section 288.5 to provide additional protection for children, not to provide legal cover for those who perpetrate sex crimes against the most vulnerable of victims. He cannot turn the statute on its head by making punishment for crimes committed beyond the three months specified in the statute less certain and thus rewarding the worst offenders.

There was no error in the prosecutor's choice of the third alternative identified in *Johnson*. In the second amended information, and after the trial court dismissed counts 1-4, only one section 288.5 charge remained. That charge covered the period from November 30, 2002, to November 29, 2003 (the year Doe was 11). The continuous sexual abuse during that time—far more than the required three offenses in three months—was proven by the victim's consistent, detailed and credible, first-person testimony that defendant was molesting her several times a week during the school year and the summers of that year. Her testimony was supported by the "hardcore graphic evidence" depicted in the tape defendant made in San Diego.

10

The additional seven discrete offenses, including the forced oral copulation of counts 11 and 12 (when Doe was 9 and 10) and the forcible rape of a child in counts 6 and 7 (when Doe was 12 and 13), were also proven by her specific testimony and supported by the tapes. Doe was able to pinpoint the occurrence of the offenses in relationship to her grade in school, her summer vacation intervals, and the different houses in San Diego and Hemet in which the family lived over the years in question. The oral sex began when she was nine, and occurred at least weekly throughout the school year and summers when she lived with defendant, ceasing only during times when she lived with her biological father in San Diego. Similarly, the intercourse began when she was 12 and in 7th grade and continued several times a week in the Memphis Court and Riverstone Court houses until her mother discovered the videotapes.

Defendant complains that the evidence supporting the individual counts "consisted primarily of Doe's testimony that appellant had sex with her against her will," and that "Doe did not describe any particular act of intercourse or oral copulation." But Doe did not have to describe any particular act or to prove that they had occurred and that they were committed against her will. With his video camera, defendant graphically "described" the acts while recording her protests. Her evident youth (below 14, as the parties stipulated), and her voice on the tapes repeatedly asking him to stop, persuasively

11

proved her lack of consent. Even if not specifically corroborated as to age and date in each scene of the tapes, her testimony of the specific acts was well supported.[7]

## CONCLUSION

Defendant was not improperly convicted of both continuous sex abuse of a child and specific felony sex offenses against the same victim in the same time period. He was convicted of one count of continuous sexual abuse and of properly charged separate counts of additional sexual offenses. Given their serious nature and the circumstances under which the crimes were committed, the prosecutor here, like the prosecutor in *Cortes*, "apparently concluded that a single count of continuous sexual abuse failed to provide liability commensurate with defendant's culpability and, therefore, increased liability was appropriate." (*Cortes*, *supra*, 71 Cal.App.4th at p. 80.) It was well within her discretion to do so.

---

[7] Defendant also complains, unpersuasively, that Doe's birthdays did not provide a rational basis for separating the charges because, "The abuse appellant inflicted upon Doe during any particular year was the same sort of abuse he inflicted upon her during any other year." Division of the years into age segments was, in our view, a rational method for addressing the problem of repetitive crimes committed over a long period and was designed to aid the victim in her attempts to pinpoint the progressive character of the offenses.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:

RAMIREZ _____

P. J.

KING _____

J.