Filed 6/29/15  P. v. Sanchez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049577 |
| v. | (Super. Ct. No. 10CF2694) |
| ROLANDO TORRES SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed in part and reversed in part with directions.

Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury found defendant Rolando Torres Sanchez guilty of committing a lewd act upon a child under the age of 14 years (Pen. Code, § 288, subd. (a); all further statutory references are to this code; count one), continuous sexual abuse of a child under the age of 14 years (§ 288.5, subd. (a); count two), and sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b); count three). The trial court sentenced defendant to prison for 15 years to life on count three, plus a 12-year consecutive term on count two and a 6-year concurrent term on count one.

On appeal, defendant argues that since counts two and three were alleged to have occurred during the same time period, his conviction on the latter charge must be reversed because it violated section 288.5, subdivision (c). He also claims the trial court miscalculated his presentence custody credits. The Attorney General concedes the second point, but argues defendant forfeited his right to attack the conviction on count three by failing to demur to the information.

Since defendant does not challenge his conviction on count one, we affirm as to that charge. We agree the trial court miscalculated defendant's custody credits and also concur with his claim that subdivision (c) of section 288.5 prohibited him from being convicted on both counts two and three. But since that statute allows the prosecution to charge both crimes in the alternative we disagree with his proposed remedy. We shall remand the matter to the superior court with directions to vacate the conviction for violating section 288.5, subdivision (a) (count two) and to resentence defendant.

FACTS AND PROCEDURAL BACKGROUND

Defendant does not dispute the sufficiency of the evidence to support the jury's verdicts and findings. Consequently, only a brief summary of the trial testimony is necessary. The victim was born in 2000. Defendant and the victim's mother married in

2007. At the time, the family lived in Corona. On one occasion, defendant placed his hand under the victim's clothes and rubbed her vagina for approximately one minute.

The family moved to Santa Ana. The victim testified that after the move, defendant placed his hand inside her clothes and rubbed her vagina on five or six occasions. Once or twice, he also inserted his finger into her vagina. One of the penetrations occurred after defendant returned from a church retreat. The mother learned of the molestations after her daughter complained of vaginal pain.

The amended information charged defendant with committing count one between January 2006 and the end of December 2007. Counts two and three were each alleged to have occurred between January 1, 2008 and September 29, 2010.

While discussing jury instructions, the court commented that the Use Note for the standard instruction on continuous sexual abuse stated a defendant could not be convicted of this crime and another sexual offense if both occurred during the same time period and that, in this circumstance, the jury should be instructed the crimes are alternative charges. The prosecutor said she was "aware of that issue" and proposed the jury be told count two was limited to the touching incidents in Santa Ana other than the penetration that occurred around the time of the church retreat. Defense counsel agreed with this approach. Thereafter, the court instructed the jury that count two "does not apply to the . . . alleged incident in Corona" or the "alleged penetration incident at or near the time of the retreat."

## DISCUSSION

Generally, "[a]n accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts." (§ 954.) However, subdivision (c) of section 288.5 provides, "No other

3

act of substantial sexual conduct, as defined in subdivision (b) of Section 1203.066, with a child under 14 years of age at the time of the commission of the offenses . . . involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative."

Defendant argues his conviction on count three must be vacated because it involved substantial sexual conduct "based upon an act that allegedly occurred within the *same* time period as the conduct that served as the basis for the charge" of continuous sexual abuse in count two. We agree that it was error to charge and convict defendant of both continuous sexual abuse and sexual penetration of a child where each of these crimes were alleged to have occurred during the same time period.

In *People v. Johnson* (2002) 28 Cal.4th 240, the Supreme Court upheld an appellate decision reversing a defendant's conviction on several discrete sexual crimes that allegedly occurred during the same time period as his conviction for continuous sexual abuse of the same minor. In so ruling, the court rejected the Attorney General's reliance on section 954 and disapproved of *People v. Valdez* (1994) 23 Cal.App.4th 46, which had held multiple convictions were permissible so long the defendant was not subjected to multiple punishment. (*Id.* at pp. 246-247, 248, fn. 6.) "Because . . . section 288.5, subdivision (c) clearly mandates the charging of continuous sexual abuse and specific sexual offenses, pertaining to the same victim over the same period of time, only in the alternative, they may not obtain multiple convictions in the latter circumstance." (*Id.* at p. 248.)

All of the crimes charged involved the same victim. The information alleged the offense charged in count three occurred during the same time period as the continuous sexual abuse charged in count two. Count three, which involved "penetration of the vagina . . . of . . . the victim," involved "'[s]ubstantial sexual conduct.'" (§§ 1203.066, subd. (b), 289, subd. (k)(1).) Even after being advised that the standard

4

jury instruction on continuous sexual abuse required the jury be told it could convict defendant of only one of these crimes, the prosecutor succeeded in convincing the court and opposing counsel to carve out an exception by limiting count three to one alleged incident that occurred during the time period covered by count two. *Johnson* and its progeny preclude this result. (*People v. Bautista* (2005) 129 Cal.App.4th 1431, 1436 ["because 'section 288.5, subdivision (c) clearly mandates the charging of continuous sexual abuse and specific sexual offenses, pertaining to the same victim over the same period of time, only in the alternative, [the prosecution] may not obtain multiple convictions in the latter circumstance[]'"]; *People v. Torres* (2002) 102 Cal.App.4th 1053, 1057 [*Johnson*'s interpretation of the statute "precludes multiple *convictions* for the alternative offenses of continuous sexual abuse and specific felony sex offenses against the same victim, alleged to have occurred in the same time period"].)

Relying on *People v. Goldman* (2014) 225 Cal.App.4th 950, the Attorney General argues defendant forfeited this issue by failing to demur to the information because, on its face, "it contain[ed] matter which, if true, would constitute a . . . legal bar to the prosecution." (§ 1004, subd. 5; see § 1012 [except for lack of jurisdiction and failure to state a public offense, "any . . . objection[] mentioned in Section 1004 . . . can be taken only by demurrer, and failure so to take it shall be deemed a waiver thereof"].) For several reasons, we find *Goldman* unpersuasive.

First, *Goldman* is factually distinguishable from the present case. There the information alleged only a one-month overlap between the time period covered by the continuous sexual abuse and that of the specific sexual offense. (*People v. Goldman, supra,* 225 Cal.App.4th at p. 955.) Here, the time periods alleged in counts two and three were identical. While the defect in *Goldman* could have been easily corrected by amendment, the same is not true in this case.

Second, *Goldman* concluded the decision in *Johnson* did not dictate a different result because the case "did not . . . broach the question of whether a defendant

5

must demur to preserve the issue for appeal," and thus it "d[id] not stand for a proposition not considered by that court." (*People v. Goldman, supra,* 225 Cal.App.4th at p. 956.) But *Johnson* did expressly declare section 288.5, subdivision (c) barred the prosecution from "obtain[ing] multiple convictions" when a defendant is charged with continuous sexual abuse and a specific sexual crime concerning the same victim during the same time period. (*People v. Johnson, supra,* 28 Cal.4th at p. 248; see *People v. Bautista, supra,* 129 Cal.App.4th at p. 1436; *People v. Torres, supra,* 102 Cal.App.4th at p. 1057.)

Finally, we do not agree a defendant's mere failure to demur to the information precludes him from challenging his *conviction* on both counts. An analogous situation was presented in *People v. Shabtay* (2006) 138 Cal.App.4th 1184. There a defendant operating an identity theft scheme obtained 11 access cards in the names of other persons during a twelve-month period. The prosecution charged the defendant with and convicted him of two counts of violating section 484e, subdivision (b), which makes it illegal for a "person, other than the issuer" to "acquire[] access cards issued in the names of four or more persons" "within any consecutive 12-month period." (*Ibid.*) The Court of Appeal reversed the defendant's conviction on one of the two counts, holding "only one conviction within any consecutive 12-month period is permissible . . . under section 484e, subdivision (b)." (*People v. Shabtay, supra,* 138 Cal.App.4th at p. 1188.)

In *Shabtay*, the Attorney General made the same argument asserted here, "that [the] defendant's failure to demur to the information pursuant to section 1004 constitutes a waiver of the multiple-conviction issue." (*People v. Shabtay, supra,* 138 Cal.App.4th at pp. 1191-1192, fn. omitted.) The Court of Appeal rejected this claim. "While a demurrer does lie to challenge an improper charging of more than one offense under section 954, the failure to demur does not justify a multiple conviction that is improper as a matter of law. A demurrer would have prevented a trial on two counts of violating section 484e, subdivision (b). Having failed to demur, defendant cannot complain about any prejudice he may have suffered from facing trial on a count that

6

should not have been prosecuted, because the failure to demur waives the issue. [Citations.]  However, the lack of a demurrer does not mean defendant waives any objection to an unwarranted multiple conviction."  (*Id.* at p. 1192.)

The same reasoning and result applies here.  Defendant's failure to demur to the information's allegation of continuous sexual abuse and sexual penetration occurring during the same time period without charging them in the alternative, did not waive his right to object to his conviction and sentence on both counts.

Defendant further argues the proper remedy in this case is to vacate his conviction and sentence on count three.  He argues "the prohibition" of multiple convictions "is intended to apply to the discrete [sexual] offense[] charged along with the continuous sexual abuse, such that it is [the] discrete offense[] that must fall in the case of dual convictions."

But in *People v. Torres, supra,* 102 Cal.App.4th 1053, the court reached a different conclusion.  There the defendant was convicted of numerous sex crimes against a minor, including continuous sexual abuse, all of which occurred during the same time period.  The trial court sentenced the defendant to a lengthy aggregate term on the individual offenses while staying sentence for continuous sexual abuse.

Following the Supreme Court's recent decision in *Johnson*, the Court of Appeal vacated the defendant's continuous sexual abuse conviction and otherwise affirmed the judgment.  Noting section 288.5's purpose was to "provide '*additional* protection'" to minors (*People v. Torres, supra,* 102 Cal.App.4th at p. 1159), but that as phrased, the statute allowed "prosecutor[s] maximum flexibility to allege and prove *not only* a continuous sexual abuse count, but also specific felony offenses commensurate with the defendant's culpability, subject only to the limitation that the defendant may not be *convicted* of both continuous sexual abuse and specific felony sex offenses committed in the same period" (*ibid*.), *Torres* concluded it was "also appropriate, in deciding which convictions to vacate as the remedy for a violation of the proscription against multiple

7

convictions set forth in section 288.5, subdivision (c), that we leave [an] appellant standing convicted of the alternative offenses that are most commensurate with his culpability." (*Ibid*.)

We conclude the approach followed in *Torres* is appropriate in the present case. A conviction of section 288.5 subjects a person to "imprisonment in the state prison for a term of 6, 12, or 16 years." (§ 288.5, subd. (a).) A conviction for sexual penetration of a minor in violation of section 288.7, subdivision (b) is punishable "by imprisonment in the state prison for a term of 15 years to life." Given the extent of defendant's repeated sexual assaults on the minor, we conclude a term carrying a potential of life in prison is more commensurate with his culpability in this case.

## DISPOSITION

The convictions on counts one and three are affirmed. The conviction on count two is vacated and the sentence imposed by the superior court is reversed. The matter is remanded to the superior court to correct the miscalculation in presentence custody credits and for resentencing consistent with this opinion.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

MOORE, J.

8