Filed 10/9/20  P. v. Sweeney CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TEAQUE EIAN SWEENEY,<br><br>        Defendant and Appellant. | E072136<br><br>(Super.Ct.No. FMB17000249)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed in part, vacated in part, and remanded with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Attorney General, Julie L. Garland, Assistant Attorney General, Allison V. Acosta and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted Teaque Eian Sweeney of multiple counts of sexually abusing Jane Doe. The jury found him guilty of continuous sexual abuse (Pen. Code, § 288.5, subd. (a); unlabeled statutory citations refer to this code) and a number of discrete sex offenses during the same time period.

On appeal, Sweeney argues that (1) the court erred by admitting evidence of an uncharged sex offense involving Doe; (2) Evidence Code section 1108, permitting the court to admit evidence of uncharged sex offenses, violates his right to due process; (3) CALCRIM No. 1191A, instructing jurors on evidence of uncharged sex offenses, violates his right to due process; (4) he may not be convicted of continuous sexual abuse and discrete sex offenses against the same victim during the same time period; and (5) the date of conviction on the abstract of judgment should be corrected. We vacate his conviction and sentence for continuous sexual abuse and direct the trial court to correct the abstract of judgment, but we otherwise affirm.

BACKGROUND

Doe lived with her mother and stepfather in 2012 when Sweeney moved in with the family; Doe was around eight years old at the time. Sweeney was her stepfather's brother, and she thought of Sweeney as an uncle.

Sweeney started sexually abusing Doe around 2013, and the abuse continued until he moved out of the family's home in 2015. During one interview, she estimated that he had abused her as many as 50 times, but during another interview, she said that it happened no more than 20 times. Sweeney digitally penetrated her, orally copulated her,

2

made her orally copulate him, rubbed his penis against her genitals, and penetrated her with his penis. The abuse occurred in Doe's home, while her mother and stepfather were out of the house or sleeping.

Doe recalled a few incidents in some detail. Once, when Sweeney forced her to orally copulate him, she gagged and vomited. Another time, he ejaculated in her mouth and forced her to swallow it. Another incident occurred in September 2014 when Doe's half brother was born, and her mother and stepfather were at the hospital. She was lying on her stomach on her bed when Sweeney got on top of her, pulled down her shorts, and penetrated her with his penis. He was grunting or moaning and "going up and down." She screamed, and he pushed her head into her pillow. She felt pain in both her vagina and her anus but could not say whether he penetrated her anus. Yet another incident occurred on Sweeney's bed sometime before her half brother was born. Sweeney told her to lie on her stomach, pulled her shorts down, and touched her vagina with his penis.

Sweeney moved out of Doe's home in July 2015. He did not sexually abuse her after that, with the exception of one uncharged incident that occurred in June 2016 in North Carolina. The family was vacationing at the home of Sweeney's mother. Doe was watching television with Sweeney in his mother's guesthouse. Sweeney pushed her facedown onto the bed, pulled her shorts down, and penetrated her with his penis, moving in and out. Doe was in pain and asked him to stop several times before he did so. She was bleeding from her vagina, and he told her to change her underwear and give him the

3

bloodstained pair.  He also told her that if her mother noticed any bleeding, she should tell her mother that she had started menstruating.

After Sweeney moved out of Doe's home, they began text messaging.  The People introduced hundreds of pages of those text messages.  Sweeney sent her messages saying that he loved her and was thinking of her, and he asked for naked photographs of her.  He also referred to her as "my favorite" and his "first lady."

Doe began acting out at school in 2016 and was suspended.  Later that same year, her teacher intercepted a diary page that Doe had passed to her friend.  The page said that her uncle had raped her.  Doe's teacher questioned her and reported the incident to Children and Family Services, and a social worker contacted Doe's mother.  After that, Doe disclosed to her mother that Sweeney had raped her.

The jury convicted Sweeney of two counts of sexual intercourse with a child 10 years old or younger (§ 288.7, subd. (a)), one count of oral copulation with a child 10 years old or younger (§ 288.7, subd. (b)), one count of sexual penetration with a child 10 years old or younger (*ibid.*), one count of lewd or lascivious act on a child under 14 years old (§ 288 subd. (a)), and one count of continuous sexual abuse of a child under 14 years old (§ 288.5, subd. (a)).  The court sentenced him to an aggregate indeterminate term of 80 years to life in prison and an aggregate determinate term of 14 years in prison.

## DISCUSSION

I. *Evidence of the Uncharged Offense in North Carolina*

Over Sweeney's objection, the court admitted evidence of the uncharged offense in North Carolina. In sex offense prosecutions, Evidence Code section 1108 permits the admission of uncharged sex offenses, so long as that evidence is admissible under Evidence Code section 352. (Evid. Code, § 1108, subd. (a).) CALCRIM No. 1191A is the pattern jury instruction regarding uncharged sex offenses. Sweeney contends that Evidence Code section 1108 and CALCRIM No. 1191A violate his right to due process.

The argument has no merit. The California Supreme Court has repeatedly rejected due process challenges to Evidence Code section 1108. (*People v. Molano* (2019) 7 Cal.5th 620, 664; *People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 827; *People v. Loy* (2011) 52 Cal.4th 46, 60-61; *People v. Lewis* (2009) 46 Cal.4th 1255, 1288-1289; *People v. Falsetta* (1999) 21 Cal.4th 903, 922.) Our high court has also rejected a challenge like Sweeney's to CALJIC No. 2.50.01, an instruction that is materially similar to CALCRIM No. 1191A. (*People v. Reliford* (2003) 29 Cal.4th 1007, 1013-1016 [instruction properly informed jurors they may infer guilt from evidence of uncharged offenses, did not mislead jurors about prosecution's burden of proof, and contained "no constitutional error"].) We are bound by those decisions and decline Sweeney's invitation to depart from them. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Sweeney next argues that the court erred by admitting evidence of the North Carolina offense because its prejudicial effect outweighed any probative value under Evidence Code section 352. We disagree.

We review the court's admission of the evidence for abuse of discretion. (*People v. Loy*, *supra*, 52 Cal.4th at p. 61.) Evidence Code section 352 "gives the trial court discretion to exclude evidence if its probative value is substantially outweighed by the probability that its admission will necessitate undue time consumption or create substantial danger of undue prejudice, confusing the issues, or misleading the jury. In exercising this discretion as to a sexual offense, 'trial judges must consider such factors as its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission . . . .'" (*Loy*, *supra*, at p. 61.) Evidence is "unduly prejudicial when it is of such nature as to inflame the emotions of the jury, motivating them to use the information, not to logically evaluate the point upon which it is relevant, but to reward or punish one side because of the jurors' emotional reaction." (*People v. Doolin* (2009) 45 Cal.4th 390, 439.)

Sweeney fails to show an abuse of discretion here. He does little more than assert in a conclusory manner that the evidence was more prejudicial than probative, and he does not examine the pertinent factors. A number of those factors weigh in favor of

6

admission. The uncharged offense occurred the year after the last charged offenses, so it was not remote in time. The offense was strikingly similar to the charged sexual intercourse offense that occurred in September 2014 when Doe's half brother was born. The burden of defending against the offense was no greater than the burden of defending against the charged offenses, given that it involved the same victim, the same witnesses, and was similar to the charged offenses. And the evidence was no more inflammatory than the evidence of the many charged offenses, so it was unlikely to have had an unduly prejudicial impact. In short, the court acted well within its discretion by admitting the evidence of the uncharged offense.

For all of these reasons, we reject Sweeney's arguments relating to the uncharged offense.

II. *Conviction for Continuous Sexual Abuse*

Sweeney argues that we must vacate his conviction for continuous sexual abuse because he may not be separately convicted for that offense and the discrete sex offenses occurring during the same time period. The People concede that Sweeney is correct, and we agree.

Section 288.5, subdivision (a), defines continuous sexual abuse as "three or more acts of substantial sexual conduct" or "three or more acts of lewd or lascivious conduct" over a period of three months or more. The victim must be under 14 years old, and the perpetrator must reside in the same home as the child or have recurring access to the child. (§ 288.5, subd. (a).) When a defendant is charged with continuous sexual abuse,

7

the defendant may be charged with other sex offenses involving the same victim during the same time period *only if* the other offenses are charged in the alternative. (§ 288.5, subd. (c).) Because the statute "clearly mandates" such charging only in the alternative, prosecutors may not obtain convictions for continuous sexual abuse *and* discrete sex offenses involving the same victim over the same period of time. (*People v. Johnson* (2002) 28 Cal.4th 240, 248.)

Here, Sweeney's conviction for continuous sexual abuse cannot stand with his convictions on the other counts. The charging document alleged that Sweeney committed continuous sexual abuse against Doe from June 1, 2014, through July 31, 2015, and it alleged that the discrete sex offenses involving Doe occurred during the same time period. The People failed to charge the offenses in the alternative, and the jury found Sweeney guilty as charged on all offenses. Under these circumstances, we must vacate Sweeney's conviction and sentence for continuous sexual abuse. (*People v. Torres* (2002) 102 Cal.App.4th 1053, 1060-1061.)

III. *Corrections to Abstract of Judgment for the Indeterminate Sentence*

Sweeney contends—and the People agree—that the abstract of judgment for his indeterminate sentence incorrectly states the date of conviction. Sweeney is correct. That abstract of judgment lists the date of conviction as February 8, 2019, but that was the date of the sentencing hearing. The jury convicted Sweeney on December 19, 2018. In addition, the abstract of judgment for his indeterminate sentence incorrectly states that Sweeney was convicted by plea, rather than by jury. (The abstract of judgment for his

8

determinate sentence correctly states the date of conviction and correctly notes that the jury convicted Sweeney.)  We direct the trial court to correct the abstract of judgment for his indeterminate sentence in both respects.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-187.)

## DISPOSITION

Sweeney's conviction and sentence on count 5 for continuous sexual abuse are vacated.  On remand, the trial court shall correct the abstract of judgment for the indeterminate sentence so that it lists December 19, 2018 as the date of conviction and notes that Sweeney was convicted by jury, not by plea.  The court shall forward a certified copy of the corrected abstract of judgment for the indeterminate sentence to the California Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

CODRINGTON
J.

9