Filed 11/14/22  P. v. Gonzalez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JOSE BARBA GONZALEZ,<br><br>      Defendant and Appellant. | D079866<br><br><br><br>(Super. Ct. No. INF1501997) |

APPEAL from a judgment of the Superior Court of Riverside County, Anthony Villalobos, Judge.  Affirmed in part and reversed in part.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

Convicted of committing specific sexual acts against his stepdaughter Jane Doe, defendant Jose Barba Gonzalez appeals his separate conviction for continuous sexual abuse of Doe during the same period. The People appropriately concede that under settled precedent, Gonzalez's conviction on count 3 for continuous sexual abuse cannot stand. Accordingly, we need not reach his alternative claim that imposition of the upper term on count 3 requires remand for resentencing based on recent amendments to the Determinate Sentencing Law (DSL) introduced in Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3). Reversing the conviction on count 3 and correcting Gonzalez's presentence credits, we otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Gonzalez was in a dating relationship with Selene J. and acted as a father figure to her daughter Jane Doe. When Doe was around eight years old, Gonzalez began sexually molesting her. He touched her vaginal area as they sat on the living room couch—the first few times over her clothes and then several more times under. Another six or seven incidents happened in the family's minivan, as Gonzalez and Doe waited in a parking lot for Selene to return. In all, Doe estimated that Gonzalez digitally penetrated her vagina six or seven times.

The final incident happened in the family home when Doe was eight. Selene was outside clearing up after a yard sale; Doe was inside, watching television. Gonzalez told Doe to follow him to the master bedroom. When she refused, he dragged her there forcibly, threw her on a mattress, removed her clothing, placed his mouth on her vagina, and orally copulated her. Selene walked into the room at that moment, confronted Gonzalez, and left the home with Doe and her other children. They returned to the house after Gonzalez moved out. Gonzalez eventually moved back into the home, and Selene told

2

Doe not to tell anyone what happened. Doe disclosed her sexual abuse when she was in high school, prompting Gonzalez's arrest.

The Riverside County District Attorney charged Gonzalez with numerous sex crimes against Jane Doe. As relevant here, a jury convicted him as charged of forcibly sexually penetrating Doe between June 2007 and June 2008 (Pen. Code,[1] § 269, subd. (a)(5), count 1), kidnapping Doe to orally copulate her between January 2009 and December 2015 (§§ 209, subd. (b)(1), 289, count 2), continuously sexually abusing Doe between January 2009 and December 2015 (§ 288.5, subd. (a), count 3), and orally copulating Doe between January 2008 and December 2015 (§ 288.7, subd. (b), count 7). At the prosecution's election, counts 2 and 7 were both based on the final incident on what was labeled "Yard Sale Day."[2]

At sentencing in August 2021, defense counsel cited *People v. Johnson* (2002) 28 Cal.4th 240 (*Johnson*) to argue that the conviction in count 3 could not stand because it was alleged to have occurred in the same time period as counts 2 and 7. The prosecutor responded that although the date ranges for counts 2, 3, and 7 were the same, the People made clear through argument that the incident alleged in counts 2 and 7 was the final incident, which "occurred at least one day after the last continuous course of conduct incident." Defense counsel replied that the information controlled, and that the People's failure to amend the information to conform to proof negated their argument that counts 2, 3, and 7 pertained to different time periods.

---

[1] Further statutory references are to the Penal Code.

[2] In light of the People's election to base counts 2 and 7 on the same "final" incident, the January 2008 start date in count 7 (rather than January 2009) appears to reflect a typographical error.

3

The trial court inquired about the application of section 654 to counts 2 and 7 but did not comment on the parties' respective stances on whether the conviction in count 3 could stand under *Johnson*. It imposed an aggregate prison term of 46 years to life. On count 3, it selected an upper term of 16 years. (§ 288.5, subd. (a).) Consecutive to that determinate sentence, the court imposed an indeterminate sentence of 30 years to life, consisting of consecutive 15-years-to-life terms on counts 1 and 7. (§§ 269, subd. (b), 288.7, subd. (b).) It stayed the indeterminate sentence on count 2 pursuant to section 654 because it was based on the same conduct as count 7.

## DISCUSSION

Gonzalez argues that pursuant to section 288.5, subdivision (c) and *Johnson, supra,* 28 Cal.4th 240, he could not be separately convicted of continuous sexual abuse (count 3), oral copulation of a child under the age of 10 (count 7), and kidnapping for oral copulation (count 2) because all three convictions involved the same victim and occurred during the same time period. The People concede that *Johnson* is "dispositive" and agree with Gonzalez that his conviction for continuous sexual abuse in count 3 must be reversed. We agree with the parties.

Section 288.5 was enacted in response to a series of court decisions reversing convictions for child molestation based on trial testimony that failed to specifically identify the date or place of specific charged acts. (*Johnson, supra,* 28 Cal.4th at pp. 242–243; Stats. 1989, ch. 1402, § 1.) To be convicted of continuous sexual abuse under section 288.5, the jury need only agree that the requisite number of sexual acts occurred, not on the acts themselves. (§ 288.5, subd. (b).) Nevertheless, the statute "imposes certain limits on the prosecution's power to charge both continuous sexual abuse and specific sexual offenses in the same proceeding." (*Johnson*, at p. 243.) As

4

relevant here, "[n]o other act of substantial sexual conduct, as defined in subdivision (b) of Section 1203.066, with a child under 14 years of age at the time of the commission of the offenses . . . involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative." (§ 288.5, subd. (c).)[3]

As the Supreme Court explained in *Johnson*, this statutory limitation means that continuous sexual abuse and specific sexual offenses pertaining to the same victim over the same time period may be pleaded *only* in the alternative. By extension, a defendant may not stand convicted of continuous sexual abuse and specific acts where both are alleged in the same time period. (*Johnson, supra,* 28 Cal.4th at p. 248.) Where this rule is violated in the trial court, the appropriate remedy on appeal is to reverse one conviction and leave standing the conviction that is most commensurate with the defendant's culpability. (*People v. Torres* (2002) 102 Cal.App.4th 1053, 1059; *People v. Bautista* (2005) 129 Cal.App.4th 1431, 1437−1438; see also *People v. Rojas* (2015) 237 Cal.App.4th 1298, 1308−1309; *People v. Wilson* (2019) 33 Cal.App.5th 559, 573−574.)

At the prosecutor's election, counts 2 and 7 pertain to the identical incident—the final molestation on "Yard Sale Day." The time period for this incident (January 2009 to December 2015) overlaps exactly with the time period for continuous sexual abuse charged in count 3. Because these events could only be pleaded in the alternative, Gonzalez cannot be convicted of both. (*Johnson, supra,* 28 Cal.4th at p. 248.) As Gonzalez argues and the

---

[3]    Penetrating the victim's vagina by oral copulation amounts to substantial sexual conduct under section 1203.066, subdivision (b).

5

People concede, the appropriate remedy is to reverse his conviction in count 3 for continuous sexual abuse. This leaves standing his convictions on count 2 and 7, which carry a longer indeterminate term that is more commensurate with Gonzalez's culpability.[4]

Our reversal of Gonzalez's conviction on count 3 would typically necessitate remand for a full resentencing hearing as to all counts. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) But the indeterminate sentences imposed on the remaining counts in this case (counts 1, 2, and 7) are mandatory, eliminating the need for resentencing.[5] Although the parties agree that the abstract of judgment contains an error as to Gonzalez's presentence custody credits, we may correct this mistake on appeal without remand. (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764.)[6] We order the abstract of judgment to be corrected to reflect a total of 2,417 credits rather than the 2,388 now shown.

---

[4] Because we conclude Gonzalez's conviction on count 3 must be reversed, we do not reach his alternative argument that his upper term sentencing on that count necessitates remand pursuant to Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3).

[5] Finding Gonzalez indigent, the sentencing court imposed a minimum $300 restitution fine under section 1202.4. The People do not seek remand to impose a higher fine and instead suggest that we correct the abstract of judgment without remand.

[6] At sentencing, the trial court noted that Gonzalez had earned credit for at least 2,388 days (2,077 actual plus 311 conduct days) and directed the probation department to prepare an updated credit memorandum. That credit memorandum stated that Gonzalez earned 2,417 days of presentence credit (2,102 actual plus 315 conduct days). However, the abstract of judgment incorrectly reflects only 2,388 credits.

DISPOSITION

The judgment is reversed in part, striking the conviction on count 3. In all other respects, the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment noting the stricken conviction and reflecting that Gonzalez earned 2,417 days of presentence custody credit (2,102 actual plus 315 conduct days). Once prepared, the clerk is directed to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


DATO, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.