Filed 5/2/24

# CERTIFIED FOR PARTIAL PUBLICATION<sup>*</sup>

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085895 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F17904528) |
| HERMAN PATTON, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. Jonathan M. Skiles, Judge.

Benjamin Adam Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury found defendant Herman Patton guilty of one count of a lewd act upon a child, three counts of aggravated sexual assault upon a child, four counts of forcible oral copulation, one count of sexual penetration by force, four counts of forcible rape, and one

---

<sup>*</sup> Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of section I of the Discussion.

count of continuous sexual abuse. The court sentenced Patton to an aggregate determinate term of 48 years, plus an aggregate indeterminate term of 45 years to life.

Patton contends: (1) the trial court erred in instructing the jury with CALCRIM No. 1190 and (2) he could not be dually convicted of both the specific-act sexual offenses and continuous sexual abuse. We conclude that the court properly instructed the jury with CALCRIM No. 1190. However, pursuant to Penal Code[1] section 288.5, subdivision (c), Patton stands improperly convicted of continuous sexual abuse and other, overlapping discrete sexual-act counts. We therefore vacate the conviction for continuous sexual abuse. As modified, we affirm.

## PROCEDURAL BACKGROUND

On October 27, 2022, the Fresno County District Attorney's Office filed an amended information alleging that Patton committed the following crimes: lewd act upon a child (§ 288, subd. (a); count 1); continuous sexual abuse (§ 288.5, subd. (a); count 2); aggravated sexual assault upon a child by oral copulation (§ 269, subd. (a)(4); counts 3–7); forcible oral copulation (§ 287, subd. (c)(2)(C); counts 8, 12–13, 17); sexual penetration by force (§ 289, subd. (a)(1)(C); count 9); and forcible rape (§ 261, subd. (a)(2); counts 10–11, 14–16.)

The jury found Patton guilty of one count of a lewd act upon a child (count 1), one count of continuous sexual abuse (count 2), three counts of aggravated sexual assault upon a child by oral copulation (counts 3–4, 7), four counts of forcible oral copulation (count 8, 12–13, 17), one count of sexual penetration by force (count 9), and four counts of forcible rape (counts 10–11, 15–16). The jury returned no verdict as to counts 5, 6, and 14. The record before us does not show that the jury found true, or Patton stipulated to, any aggravating circumstances alleged in the amended information.

---

[1] All statutory references are to the Penal Code.

On February 27, 2023, the court sentenced Patton to (1) consecutive determinate six-year terms for counts 1, 9, 10, 11, 15, and 16 and a 12-year term for count 2, totaling 48 years,[2] and (2) consecutive indeterminate 15-year-to-life terms for counts 3, 4, and 7, totaling 45 years to life. The court struck, upon the parties' stipulation, counts 8, 12, 13, and 17 because those charges were not enacted by statute at the time the offenses occurred.

On March 10, 2023, Patton filed a notice of appeal.

## FACTUAL BACKGROUND

Patton married T.S.'s mother when T.S. was five or six years old, and Patton had other children with the mother. The family frequently moved. Relevant here, the family lived in Santa Clara (Santa Clara County) between March 4, 2003, and August 31, 2004, Fresno (Fresno County) between August 1, 2005, and August 31, 2006, Woodland Hills (Los Angeles County) between January 1, 2006, and August 5, 2007, and Chowchilla (Madera County) between January 1, 2008, and December 31, 2008. During these periods, Patton was a "stay-at-home dad."

Patton sexually abused T.S. during the above-described periods. In Santa Clara, when T.S. was 12 years old, Patton inappropriately touched T.S.'s vagina and forced T.S. to manually masturbate and orally copulate him to the point of ejaculation on multiple occasions. In Fresno, when T.S. was about 14 years old, Patton orally copulated and digitally penetrated T.S. on multiple occasions. In Woodland Hills, when T.S. was 15 years old, Patton forcibly raped and orally copulated T.S. on multiple occasions. In Chowchilla, when T.S. was 16 years old, Patton had sexual intercourse with T.S. "every day" and orally copulated her.

---

[2] Though the court's oral pronouncements of judgment upon each count totaled 48 years, the court later misstated the aggregate term as 40 years. We conclude this was computational error. We find no conflict between the court's oral pronouncement of judgment and the abstract of judgment.

3.

When T.S. was 22, she reported the abuse to her brother, her mother, and the police. T.S. engaged in a pretext call to Patton. During the call, Patton agreed with T.S. that he took her virginity at 15 and showed her pornography when she was 12. When asked if he understood that his conduct was wrong, he replied, "Yes," and explained that he was under the influence of drugs. He reported remembering that he had T.S. take off her underwear when she was 11 and do leg raises. "I admit all of it," he stated, saying that he belonged in jail.

## DISCUSSION

### I.    Instructional error

Patton argues that the court's instruction of the jury with CALCRIM Nos. 301 and 1190 resulted in a misstatement of the prosecution's burden of proof, i.e., a misstatement of the law, which unconstitutionally lessened the prosecution's burden of proof in violation of Patton's due process rights. We disagree.

#### A.    Additional Background

The court instructed the jury with both CALCRIM Nos. 301 and 1190. CALCRIM No. 301 instructed: "The testimony of only one witness can prove any fact. Before you conclude that the testimony of one witness proves a fact, you should carefully review all the evidence." CALCRIM No. 1190 instructed: "[C]onviction of a sexual assault crime may be based on the testimony of a complaining witness alone." Defense counsel did not object to these instructions.

#### B.    Forfeiture

The parties dispute whether Patton forfeited the claimed instructional error by failing to object below. We review unobjected-to instructional error "if the substantial rights of the defendant were affected thereby." (§ 1259; *People v. Andersen* (1994) 26 Cal.App.4th 1241, 1249 (*Andersen*).) An instructional error affected the defendant's substantial rights if it "resulted in a miscarriage of justice, making it reasonably probable the defendant would have obtained a more favorable result in the absence of error."

4.

(*Andersen*, *supra*, 26 Cal.App.4th at p. 1249.) "Ascertaining whether claimed instructional error affected the substantial rights of the defendant necessarily requires an examination of the merits of the claim …." (*Ibid*.)

We conclude that Patton's claim of instructional error lacks merit because our Supreme Court rejected the argument that the former CALJIC versions of instructions on the same issues[3] as those in CALCRIM Nos. 301 and 1190's "in combination … unconstitutionally 'create[] a preferential credibility standard for the complaining witness.' " (*People v. Gammage* (1992) 2 Cal.4th 693, 700 (*Gammage*).)

"Although the two instructions overlap to some extent, each has a different focus. [CALCRIM No. 301's predecessor] CALJIC No. 2.27 focuses on how the jury should evaluate a fact (or at least a fact required to be established by the prosecution) proved solely by the testimony of a single witness. It is given with other instructions advising the jury how to engage in the *fact-finding* process. [CALCRIM No. 1190's predecessor] CALJIC No. 10.60, on the other hand, declares a substantive rule of law, that the testimony of the complaining witness need not be corroborated. It is given with other instructions on the legal elements of the charged crimes. [¶] Because of this difference in focus of the instructions, we disagree with [the] defendant … that, in combination, the instructions create a preferential credibility standard for the complaining witness, or

---

[3] The *Gammage* court considered the former versions of the CALJIC instructions on the same issues as CALCRIM Nos. 301 and 1190 (which we refer to as predecessors to the CALCRIM instructions for ease of reference), which respectively read as follows:

"Testimony as to any particular fact which you believe given by one witness is sufficient for the proof of that fact. However, before finding any fact required to be established by the prosecution to be proved solely by the testimony of such a single witness, you should carefully review all the testimony upon which the proof of such fact depends." (CALJIC No. 2.27 (4th ed. 1986 rev.).)

"It is not essential to a conviction of a charge of rape that the testimony of the witness with whom sexual intercourse is alleged to have been committed be corroborated by other evidence." (CALJIC No. 10.60 (5th ed.).)

5.

somehow suggest that that witness is entitled to a special deference. The one instruction merely suggests careful review when a fact depends on the testimony of one witness. The other tells the jury there is no legal corroboration requirement. Neither eviscerates nor modifies the other…. The instructions in combination are no less correct, and no less fair to both sides, than either is individually." (*Gammage*, *supra*, 2 Cal.4th at pp. 700–701.)

*Gammage* disposes of Patton's claim of error and is binding on this court. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity*) ["Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction"]; *People v. Cromp* (2007) 153 Cal.App.4th 476, 480 [rejecting constitutional challenge to CALCRIM instruction based on California Supreme Court's approval of materially similar CALJIC instruction].)

Additionally, we agree with *Gammage* as applied to CALCRIM Nos. 301 and 1190. Considering, as we must, the entire charge of the court, not the " 'parts of an instruction or … a particular instruction' " (*People v. Bates* (2019) 35 Cal.App.5th 1, 9), the jury was instructed that the prosecution must prove its case beyond a reasonable doubt. "This places a heavy burden of persuasion on a complaining witness whose testimony is uncorroborated." (*Gammage*, *supra*, 2 Cal.4th at p. 701.) We cannot conclude that, even isolated, CALCRIM Nos. 301 and 1190 misled the jury to give the victim's testimony undue weight. We agree with *Gammage* that these instructions do not " 'dilute[] the "beyond a reasonable doubt" standard.' " (*Gammage*, *supra*, 2 Cal.4th at p. 701.)

We conclude that the trial court's giving CALCRIM Nos. 301 and 1190 did not affect Patton's substantial rights. Therefore, Patton's claim of instructional error lacks merit and was forfeited below. (*Andersen*, *supra*, 26 Cal.App.4th at p. 1249.)

## II.    Multiple convictions in violation of section 288.5, subdivision (c)

### A.    Additional Background

The prosecution charged, and the jury convicted, Patton, in relevant part, of one count of continuous sexual abuse (§ 288.5, subd. (a); count 2) and four other counts of distinct acts of sexual abuse (counts 1, 3, 4 and 7) occurring within the same period from March 4, 2003, through August 31, 2004.  The court sentenced Patton to 12 years on count 2, a 6-year determinate term on count 1, and three consecutive 15-year -to-life terms on counts 3, 4, and 7.

### B.    Forfeiture

Patton argues these convictions violate section 288.5, subdivision (c), which prohibits dual convictions for continuous sexual abuse and additional sex offenses involving the same victim during the same period.[4]  The People concede the case was prosecuted in violation of section 288.5, subdivision (c), but argue Patton forfeited this issue because he failed to demur to the charges below.  We disagree that Patton forfeited this issue and vacate the conviction on count 2.

The People rely on *People v. Goldman*, in which the court held a violation of section 288.5, subdivision (c) is a pleading defect that must be challenged by demurrer to preserve the issue for appeal.[5]  (*People v. Goldman* (2014) 225 Cal.App.4th 950, 956–957 (*Goldman*).)  We disagree with *Goldman* that section 288.5, subdivision (c), is merely a "charging prohibition."  (*Id*., at p. 956.)  The Supreme Court explained in *People v. Johnson* (2002) 28 Cal.4th 240, 245–248 (*Johnson*) that section 288.5,

---

**4** Section 288.5, subdivision (c) provides in relevant part that when the defendant is charged with continuous sexual abuse of a child, "[n]o other act of substantial sexual conduct [including sexual intercourse or lewd acts] involving the same victim may be charged in the same proceeding ... unless the other charged offense occurred outside the time period [alleged with respect to the continuous sexual abuse charge] or the offense is charged in the alternative."

**5** Our research revealed no case that follows *Goldman* on this point.

subdivision (c), by prohibiting multiple charges, also prohibits *multiple convictions* for continuous sexual abuse of a child and for the discrete sexual offenses underlying the continuous sexual abuse conviction.  (See also *People v. Rojas* (2015) 237 Cal.App.4th 1298, 1308–1309 (*Rojas*) [interpreting *Johnson* to preclude multiple convictions]; *People v. Bautista* (2005) 129 Cal.App.4th 1431, 1436 (*Bautista*) [same]; *People v. Torres* (2002) 102 Cal.App.4th 1053, 1055 (*Torres*) [same].)

Consequently, any sentence violating section 288.5, subdivision (c)— imposing punishments for a violation of section 288.5 overlapping with discrete sexual offenses— is unlawful.  (*Johnson*, *supra*, 28 Cal.4th at p. 248.)  "[I]f an accusatory pleading is improper (i.e., a count alleging violation of section 288.5 is joined, and *not*—as subdivision (c) requires—charged alternatively, with one or more counts alleging specific sexual offenses), then the multiple convictions predicated thereon cannot stand, and either the continuous abuse conviction or the convictions on the specific offenses must be vacated."  (*Id*., at p. 245.)

We are bound by *Johnson*'s interpretation of section 288.5.  (*Auto Equity*, *supra*, 57 Cal.2d at p. 455.)  Logically, if section 288.5 prohibits multiple convictions predicated on an operative pleading in violation of section 288.5, subdivision (c), then a defendant *cannot* forfeit a challenge to those convictions by failing to demur to the underlying pleading.  For this reason, *Goldman*'s circumnavigation of *Johnson* because it "did not … broach the question of whether a defendant must demur to preserve the issue for appeal" is unpersuasive.  (*Goldman*, *supra*, 225 Cal.App.4th at p. 956.)

*Goldman* ignores the well-established rule that forfeiture does not apply to a legally erroneous sentence.  (§ 1259 [reviewing court "may, without exception having been taken in the trial court, review any question of law involved in any ruling, order, [or] instruction"]; *In re Sheena K*. (2007) 40 Cal.4th 875, 887 (*Sheena K.*) [an unauthorized sentence that cannot lawfully be imposed may be reviewed " 'regardless of whether an objection or argument was raised in the trial and/or reviewing court' "];

8.

*People v. Williams* (1999) 21 Cal.4th 335, 339–340, 341 (*Williams*) [defendant can raise bar of statute of limitations at any time even without an objection to the charging document because statute confers a substantive right]; *People v. Scott* (1994) 9 Cal.4th 331, 354 [lack of objection in lower court to unauthorized sentence that cannot be imposed under any circumstances does not bar review].)  Because *Johnson* held that a dual conviction in violation of section 288.5, subdivision (c) is legally erroneous, *Goldman* incorrectly holds that a defendant may forfeit the issue by failing to demur.

In addition, the *Goldman* court erroneously cited *People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1176–1177 (*Alvarez*) for the proposition that "[b]ecause [section 288.5 contains] a legal bar to prosecution, a defendant must demur to preserve for appeal an objection to the improper charging."  (*Goldman*, *supra*, 225 Cal.App.4th at p. 956.)  But *Alvarez* did not involve a challenge to the propriety of overlapping *convictions* for continuous sexual abuse (§ 288.5, subd. (a)) and discrete sexual offenses, in violation of section 288.5, subdivision (c).  (*Alvarez*, *supra*, at pp. 1174–1177.)  Rather, the *Alvarez* court held that the defendant's failure to demur prohibited the defendant from objecting to the prosecution proceeding to trial on both offenses and later seeking a post-conviction election, rather than electing to proceed on one or the other prior to trial.  (*Ibid.*)  *Alvarez* did not hold, as *Goldman* does, that a defendant forfeits any challenge to convictions and sentences in violation of section 288.5, subdivision (c), by failing to demur to the accusatory pleading, only that a defendant forfeits review of any charging errors by failing to demur to the accusatory pleading.

*Goldman*'s holding that a defendant forfeits overlapping convictions in violation of section 288.5, subdivision (c), by failing to demur to the accusatory pleading contradicts the substantive, not procedural, right provided by section 288.5, subdivision (c) and explained by our Supreme Court in *Johnson*:  a defendant may not be subject to impermissible multiple convictions in violation of section 288.5, subdivision (c).  (Accord, *Williams, supra,* 21 Cal.4th at pp. 339–340 [defendant can

9.

raise bar of statute of limitations at any time even without an objection to the accusatory pleading because statute confers a substantive, not procedural, right]; *Sheena K.*, *supra*, 40 Cal.4th at pp. 881–882, fns. 2, 3.)  We therefore disagree with *Goldman* and hold that Patton did not forfeit this issue by failing to demur.[6]

### C.     Remedy

Patton argues that *Johnson* requires us to vacate the specific sexual offense counts, not the continuous sexual abuse count.  He alternatively argues that section 654, subdivision (a)[7] gives the trial court discretion to decide which punishments to stay where two or more convictions arise from the same conduct.  He urges us to remand the case to the trial court to decide whether to strike the count for continuous sexual abuse or the other counts for specific sexual offenses.  We disagree.

First, the *Johnson* court did not address which of his multiple convictions should be vacated, either the continuous sexual abuse conviction or the discrete convictions for sexual abuse but did affirm the Court of Appeal's reversal of the latter convictions because "either the continuous abuse conviction or the convictions on the specific offenses must be vacated."  (*Johnson*, *supra*, 28 Cal.4th at p. 245.)  Therefore, *Johnson* does not require us to retain only the continuous sexual abuse conviction.

Second, section 654 is inapplicable.  Section 654 protects against multiple punishment, not multiple conviction.  (*People v. McFarland* (1962) 58 Cal.2d 748, 762.)  Section 654's purpose is to " 'insure that a defendant's punishment will be commensurate with his culpability.' "  (*People v. Latimer* (1993) 5 Cal.4th 1203, 1211.)  Consistent with

---

**[6]** Given we find that Patton did not forfeit this issue by failing to demur below, we need not address his alternative argument that his trial counsel was ineffective for failing to demur to the accusatory pleading.

**[7]** Section 654, subdivision (a) provides, in relevant part, that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."

this purpose, the Supreme Court held that, in the case of repeated sexual offenses over even a very short amount of time, "it is defendant's intent to commit a number of separate base criminal acts upon his victim, and not the precise code section under which he is thereafter convicted, which renders section 654 inapplicable." (*People v. Harrison* (1989) 48 Cal.3d 321, 337–338; *People v. Perez* (1979) 23 Cal.3d 545, 550–553 [holding § 654 did not preclude punishment for four sex crimes committed during a continuous 45-to-60 minute attack].) We are therefore unpersuaded, and Patton offers no argument, that section 654 governs the conviction for continuous sexual abuse and the convictions for separate sexual offenses, though temporally identical.

We agree with *Torres* and *Alvarez* that, based on section 288.5's purpose, "to conclude that the failure to plead these offenses in the alternative compelled the court to convict only on the section 288.5 offense would be 'anomalous' because 'section 288.5, adopted to prevent child molesters from evading conviction, could be used by those molesters to circumvent … convictions with more severe penalties and prior strike consequences than available … under section 288.5.' " (*Torres*, *supra*, 102 Cal.App.4th at p. 1060; *Alvarez*, *supra*, 100 Cal.App.4th at p. 1176.)

Consequently, courts have held that where a conviction must be vacated for violating section 288.5, subdivision (c), the defendant shall be left "standing convicted of the alternative offenses that are most commensurate with [his] culpability." (*Torres*, *supra*, 102 Cal.App.4th at p. 1059; *Bautista*, *supra*, 129 Cal.App.4th at pp. 1437–1438.) Generally, this means "upholding whichever conviction[s] resulted in the greater aggregate penalty and vacating the less serious count[s]." (*Rojas*, *supra*, 237 Cal.App.4th at p. 1309; *Torres*, *supra*, 102 Cal.App.4th at p. 1058.)

For count 2, a violation of section 288.5, the court sentenced Patton to 12 years. For counts 1, 3, 4, and 7, the court sentenced Patton to a determinate 6-year middle term and three consecutive indeterminate 15-year-to-life terms, respectively. The latter

11.

punishments are "most commensurate with [defendant's] culpability." (*Torres*, *supra*, 102 Cal.App.4th at p. 1059.)  Thus, we vacate the conviction on count 2.

When a count is vacated, the typical remedy is to remand for resentencing so that the trial court may restructure its sentencing choices to compensate for the lost count. (*People v. Francis* (2017) 16 Cal.App.5th 876, 887.)  However, where "the trial court imposed the maximum possible sentence" and "there are no sentencing choices to restructure, it is appropriate for us to modify the sentence on appeal." (*Ibid*.)

Here, the trial court imposed the maximum possible sentence.  Counts 3, 4, and 7 permit only one sentence.  (§ 269, subds. (a)(4), (b).)  We note that the record does not indicate that the jury ever found true, or that Patton stipulated to, the facts underlying any alleged aggravating factors.  Given the court already imposed the middle term—the maximum term when no aggravating circumstance is proved—for count 2 and all other counts, the court could not impose a greater sentence.  (§ 1170, subd. (b)(2); Advisory Com. Com., Cal. Rules of Court, rule 4.421 ["Courts may not impose a sentence greater than the middle term except when aggravating factors justifying the imposition of the upper term have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or the judge in a court trial"].)  Thus, we vacate the conviction on count 2 only and order the trial court to prepare an amended abstract of judgment.

## **DISPOSITION**

The judgment is modified to vacate Patton's conviction on count 2. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment striking the sentence for count 2 and to forward a certified copy of the amended abstract of judgment to all relevant authorities.


SNAUFFER, J.

WE CONCUR:


PEÑA, Acting P. J.


MEEHAN, J.

13.